UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Milton Ray POLLOCK,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>Michael MARTEL,<br>　Acting Warden of San Quentin State Prison,<br><br>　　　　　　　Respondent. | Case Number 4-5-cv-1870-SBA<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING PENDING MOTIONS<br><br><br><br>[Docs. Nos. 14, 15 & 18] |

Petitioner is a condemned inmate at San Quentin State Prison. He initiated the present capital habeas action on May 5, 2005, when he asked the Court to appoint counsel and to stay his execution pending the completion of this action. (Doc. No. 1.) The Court granted Petitioner's requests and referred the matter to the Court's Selection Board for the recommendation of counsel to represent him. (Doc. No. 3.) However, the Court was unable to appoint counsel until August 4, 2011. (Doc. No. 9.)

A one-year statute of limitations applies to federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d) (2012). The parties agree that, absent equitable tolling, the limitation period expired for Petitioner on April 27, 2006. (Doc. No. 14 at 6; Doc. No. 19 at 7.)

Petitioner's Motion for Equitable Tolling is presently before the Court.[1] (Doc. No. 14.) Petitioner seeks equitable tolling until the date of counsel's appointment so that his counsel may

---

[1] Respondent's unopposed Motion for Extension of Time to Lodge the State Court Record, (Doc. No. 15), and the parties' joint Motion to Adopt Briefing Schedules, (Doc. No. 18), are also pending.

have one year to prepare a finalized petition, which would replace the protective Petition that Petitioner filed concurrently with his Motion on November 2, 2011, (Doc. No. 13). Respondent opposes Petitioner's Motion.[2] (Doc. No. 19.)

The Supreme Court of the United States has held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted).

An indigent capital habeas petitioner has a statutory right to counsel. 18 U.S.C. § 3599(a)(2) (2012). This right includes "a right to legal assistance in the preparation of a habeas corpus application." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An attorney's assistance in preparing a capital habeas petition is crucial owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. *Id.* at 855–56. In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858. Accordingly,

> when a condemned prisoner has requested counsel and counsel is not appointed until after the deadline for filing a timely petition has passed, the lack of counsel is an extraordinary circumstance that stands in the prisoner's way and prevents the timely filing of a petition that has been prepared with the assistance of counsel, which is the petition that the prisoner has a right to file.

*Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 2–3 (N.D. Cal. Sept. 9, 2011) (Order Granting Motion for Equitable Tolling); *see also, e.g., Smith v. Ayers*, No. 3-4-cv-3436-CRB (N.D. Cal. Jan. 8, 2009); *Stanley v. Martel*, No. 3-7-cv-4727-EMC (N.D. Cal. July 26, 2011);

---

[2] Respondent contends, inter alia, that federal habeas review of claims set forth in a finalized petition may be effectively barred by *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388 (2011). (Doc. No. 19 at 10–12.) *Pinholster* held that federal habeas review of whether a state-court's adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1) (2012), "is limited to the record that was before the state court that adjudicated the claim," *Pinholster*, 131 S. Ct. at 1398. There is no discussion in *Pinholster* of equitable tolling or anything else related to the habeas statute of limitations. *Cf. id.* at 1402 n.12; *id.* at 1411 n.20. Accordingly, *Pinholster* is inapposite.

2

*Bolden v. Martel*, No. 4-9-cv-2365-PJH (N.D. Cal. Dec. 5, 2011); *Hoyos v. Wong*, No. 3-9-cv-388-L-NLS, 2010 WL 596443, at *4–*5 (S.D. Cal. Feb. 16, 2010). Indeed, "were the Court to hold otherwise, a capital habeas petitioner's right to counsel would be thoroughly eviscerated." *Smith*, slip op. at 3.

Such is the case for Petitioner, for whom the Court was unable to appoint counsel until more than a year after the limitation period otherwise expired. In addition, Petitioner "has been pursuing his rights diligently," *Holland*, 130 S. Ct. at 2562, as evidenced by the fact that he initiated the present action and invoked his right to counsel a mere eight days after the statute of limitations began to run,[3] *see Hoyos*, 2010 WL 596443, at *5. Accordingly, Petitioner is entitled to equitable tolling of the statute of limitations.

After Petitioner filed the present motion, Respondent lodged the state-court record with this Court. (Doc. No. 22.) A review of that extremely voluminous record demonstrates that this matter is extraordinarily complex. Considering this record along with the federal record developed thus far, as well as Petitioner's diligence and his right to the assistance of counsel in preparing a petition, the Court finds that Petitioner will require at least a year from counsel's appointment to prepare and to file a finalized petition, which is the petition that he is statutorily entitled to file.

Accordingly, and good cause therefor appearing, the Court grants Petitioner's renewed motion for equitable tolling, (Doc. No. 14). Petitioner shall file his finalized petition on or before August 6, 2012.[4]

Furthermore, the Court grants Respondent's Motion for Extension of Time to Lodge the State Court Record, (Doc. No. 15), and the parties' joint Motion to Adopt Briefing Schedules, (Doc. No. 18), as follows. Respondent's Amended Notice of Lodging and Index of Record Pursuant to Habeas Local Rule 2254-27(a)(5), (Doc. No. 22), is deemed timely as of January 10,

---

[3] Petitioner would have been on firmer ground if he had initiated federal proceedings while his state appeal was pending, as the Court might have found Petitioner to have been dilatory if his entire state habeas petition had been denied as untimely.

[4] August 4, 2012, is a Saturday.

3

1  2012.  If the parties are unable to resolve any disputes regarding this record, Petitioner shall file
2  an appropriate motion by February 9, 2012; Respondent shall respond by March 12, 2012; and
3  Petitioner shall file any reply by March 26, 2012.  If the parties are unable to resolve any
4  discovery disputes, the appropriate party shall file any discovery motion within thirty days after
5  it is clear that the parties cannot resolve the dispute without court assistance; the responding
6  party shall respond within thirty days after the motion is filed; and the moving party shall file
7  any reply within fourteen days after the response is filed.

*It is so ordered.*

DATED: 1/20/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

Case No. 4-5-cv-1870-SBA
ORDER GRANTING PENDING MOTIONS
(DPSAGOK)